JEFFER, MANGELS, BUTLER & MARMARO LLP
ROD S. BERMAN (Bar No. 105444)
rxb@jmbm.com
Brian W. Kasell (Bar No. 143776)
bwk@jmbm.com
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California  90067-4308
Tel.:  (310) 203-8080  •  Fax:  (310) 203-0567

Attorneys for Plaintiff and Counter-defendant
EVAN D. TOWNSLEY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EVAN D. TOWNSLEY, an individual, <br><br>  Plaintiff, <br><br> v. <br><br> MICRO HYDROPONICS, INC., a California corporation; RENTON'S INDOOR GARDEN CENTER, a Washington state proprietorship; SUPPLY NET INTERNATIONAL dba FUMELOK, an Australian corporation; KAREN MCDOUGALL, an individual; ADAM TRENTON, an individual; and DOES 1 through 10, inclusive, <br><br>  Defendants. <br><br> AND RELATED COUNTER-CLAIM | CASE NO.  CV 08-0621 DDP (JCx) <br><br> **STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** <br><br> **[CHANGES MADE BY COURT]** <br><br> [DISCOVERY MATTER - SUBMITTED TO MAGISTRATE JUDGE] |

The Court, having considered the Stipulation Regarding Protective Order Regarding Confidential Information (the "Stipulation") submitted by Plaintiff/Counter-defendant Evan D. Townsley, Defendants Micro Hydroponics, Inc., Karen McDougall and Adam Tanton (erroneously sued as Adam Trenton), and Defendants/Counterclaimants Supply Net International Pty Ltd (erroneously sued as Supply Net International) and Fume-Lok Pty Ltd (erroneously sued as a dba of

Supply Net International) (each individually a "party" or collectively the "parties", and good cause appearing therefore, hereby orders as follows:

1. <u>Proceedings and Information Governed</u>.  This Order shall govern any document, information or other thing furnished by any party, including third parties, to any other party in connection with the discovery and pre-trial phase of this action. The information protected includes, but is not limited to, responses to requests to produce documents or other things, documents or things produced in connection with the lawsuit, responses to interrogatories, responses to requests for admissions, deposition testimony and exhibits, and all copies, extracts, summaries, compilations, designations and portions thereof (collectively "Information").  The Order does not govern proceedings during trial nor does it prohibit either party from seeking a Protective Order to govern proceedings during trial.

2. <u>Categories of Information Protected by this Order</u>.  The following section provides a "specific description of the . . . categories of documents . . . to [be] protect[ed]."  <u>Makar-Wellborn v. Sony Electrics, Inc.</u>, 187 F.R.D. 576, 578 (E.D. Wis. 1999).  Additionally, this section articulates "the specific prejudice or harm that will result if no protective order is entered."

(a) <u>Confidential Financial Information</u>.

i. <u>Information included</u>. Information, maintained by the producing party in confidence, and relating to: amounts spent on research, development, marketing, promotion, and advertising; sales and revenues; profits and losses; employee salaries and bonuses.

ii. <u>Good Cause Statement</u>:  Good cause exists for protecting the Confidential Financial Information described above.  The information described has been maintained in confidence by the producing party and its disclosure could result in prejudice or harm to that party.  Specifically, Confidential Financial Information may include information protected by a party's rights of privacy under the Constitutions of the United States and the State of California.  Further, disclosure

5412544v2

of Confidential Financial Information could cause substantial harm to the competitive position of the producing party by revealing areas of financial strength and weakness of the producing party, as well as that party's strategic decision-making regarding, *inter alia*, personnel, employment of outside consultants, expenditures on research and development, and expenditures on marketing and advertising.

  (b) <u>Confidential Research and Development Information</u>.

    i. <u>Information Included</u>. Information, maintained by the producing party in confidence, and relating to: conception, research, and development of brands, products, goods and/or services.

    ii. <u>Good Cause Statement</u>: Good cause exists for protecting the Confidential Research and Development Information described above. The information described above has been maintained in confidence by the producing party and its disclosure could result in prejudice or harm to that party. Specifically, the producing party has expended valuable time and resources developing its respective brands, products, goods and/or services. Disclosure of information relating to those efforts could cause substantial harm to the competitive position of the producing party by allowing its competitors to utilize the fruits of the party's efforts, without incurring any of the costs associated therewith.

  (c) <u>Confidential Commercial and/or Trade Secret Information</u>.

    i. <u>Information Included</u>. Information, maintained by the producing party in confidence, and relating to: customer lists; customers, licensors, or other third parties with whom the producing party has contracted in connection with its trademarks, products, goods and/or services; the manufacture and distribution of the producing party's products, goods and/or services; advertising, marketing, and/or promotional plans associated with the producing party's trademarks, products, goods and/or services.

  3. <u>Designation of Information for Protection Under This Order</u>. Any such Information produced in this action that is reasonably believed by the producing party

PRINTED ON RECYCLED PAPER

5412544v2

1. to be non-public, proprietary or confidential may be designated as "Confidential" or "Confidential - Attorneys' Eyes Only."  The appropriate designation may be made by stamping or otherwise marking the Information prior to production as follows: "Confidential" or "Confidential - Attorneys' Eyes Only."  In the case of written material, documents or tangible items, the appropriate designation shall be made at the time the producing party makes the Information available for inspection or provides a copy of the Information to the receiving party.  In the case of deposition testimony, a party seeking to invoke the protection of this Order shall give notice thereof at the deposition or within fifteen (15) days after receipt of the deposition transcript.  Deposition testimony shall be treated as "Confidential - Attorneys' Eyes Only" until expiration of the fifteen (15) day notice period.  In the event such notice is given, the appropriate provisions of paragraphs 13 and 14 below shall apply.

In the event that Information is provided under this Order, whether in written, oral or other form, without any designation of confidentiality, such Information may be designated "Confidential" or "Confidential - Attorneys' Eyes Only" at a later time, and shall be treated as "Confidential" or "Confidential - Attorneys' Eyes Only" by all parties hereto as though such Information had been designated "Confidential" or "Confidential - Attorneys' Eyes Only" when originally provided, except to the extent that such Information has already been disclosed to persons not subject to this Order.  In the event that the Information referred to immediately above is disclosed to persons not subject to this Order, the party that made such disclosure shall identify such recipients to the other party in this action, unless such disclosure is subject to the attorney work product privilege.

4. <u>Disclosure of Confidential Information</u>.  As a general guideline, Information marked "Confidential," as distinguished from "Confidential - Attorneys' Eyes Only," shall include Information that may be disclosed by the parties for the purposes of the litigation, but which must be protected against disclosure to third parties.  Once designated as "Confidential," such designated Information shall, absent

1  a specific order by this Court, be used by the parties solely in connection with this
2  litigation, and not for any business, competitive, or governmental purpose or
3  function, and such Information shall not be disclosed to anyone except as provided
4  herein.  Information marked "Confidential," as distinguished from "Confidential -
5  Attorneys' Eyes Only," may be disclosed by the receiving party to the following
6  recipients only:
7      (a)   The outside litigation attorneys of record in this action, and any outside
8  attorneys retained by the parties in this action to consult on the litigation, and their
9  respective associates, clerks, legal assistants, stenographic and support personnel, and
10 organizations retained by such attorneys to provide litigation support services in this
11 action and the employees of said organizations;
12     (b)   Independent experts and consultants retained in this action by the
13 attorneys of record, and the employees of such experts and consultants who are
14 assisting them;
15     (c)   The officers, directors and employees of a party;
16     (d)   The Court and its respective clerks and support personnel;
17     (e)   Court reporters employed in connection with this action;
18     (f)   The persons permitted under paragraph 12 below; and
19     (g)   Such other persons as hereafter may be designated by written agreement
20 of all parties in this action or by Order of the Court, such Order obtained on noticed
21 motion pursuant to the procedures set forth in Local Rule 37 (or on shortened time as
22 the Court may allow), permitting such disclosure.
23     5.    <u>Confidential - Attorneys' Eyes Only Information</u>.  As a further general
24 guideline, Information designated as "Confidential - Attorneys' Eyes Only" shall be
25 Information of a proprietary business or technical nature that might be of value to a
26 competitor or potential customer of the party or non-party holding the proprietary
27 rights thereto, and that must be protected from disclosure.  Once designated as
28 "Confidential - Attorneys' Eyes Only," such designated Information shall, absent a

1 specific order by this Court, be used by the parties solely in connection with this
2 litigation, and not for any business or governmental purpose or function, and such
3 Information shall not be disclosed to anyone except as provided herein.  All
4 Information designated "Confidential - Attorneys' Eyes Only" is included within the
5 meaning of "Confidential" Information as used in this Order, and all the provisions
6 set forth in the Order that apply to "Confidential" Information also apply to material
7 designated "Confidential - Attorneys' Eyes Only."  However, Information designated
8 "Confidential - Attorneys' Eyes Only" shall not be disclosed to persons referred to in
9 subparagraph 4(c) of this Order, except as provided in paragraph 12 (i.e., the authors
10 or addressees of the document). In-house counsel and staff are specifically excluded
11 from access to Information designated "Confidential - Attorneys' Eyes Only."

12      6. <u>Reference to Information.</u>  Notwithstanding any provision in this Order,
13 nothing in this Order shall prohibit or otherwise restrict counsel from referring to in a
14 general way, relying on, or evaluating "Confidential" or "Confidential - Attorneys'
15 Eyes Only" Information in the course of advising a party client with respect to this
16 lawsuit, provided, however, that counsel shall not disclosed the specific substance or
17 content of any "Confidential" or "Confidential - Attorneys' Eyes Only" Information if
18 such disclosure would violate this Order.

19      7. <u>Declarations</u>.  Disclosure of Information designed "Confidential" or
20 "Confidential – Attorneys' Eyes Only" to any person referred to in paragraph 4
21 hereof, except persons falling under paragraph 4(a), 4(d), 4(e) and clerical and
22 stenographic personnel falling within paragraph 4(b) above, is conditioned upon such
23 person, prior to such disclosure, executing a declaration, in the form attached to the
24 parties' stipulation as Exhibit A, agreeing to be bound by the terms of this Order.  A
25 copy of the declaration shall be maintained by outside litigation counsel for the party
26 making such disclosure.  Disclosure of Information designed "Confidential" or
27 "Confidential – Attorneys' Eyes Only" to any person referred to in paragraph 4(a) is
28 conditioned upon such person, prior to such disclosure, reading a copy of this

PRINTED ON RECYCLED PAPER

Stipulation and Order and signing and dating it to signify that such person has read, understood and agrees to be bound by its terms and provisions.

8. <u>Use</u>. "Confidential" or "Confidential - Attorneys' Eyes Only" Information shall be used by those to whom it is disclosed pursuant to this Order and who are or who agree in writing to be bound by this Order solely in preparation for trial and trial of this lawsuit, and any appellate proceeding related thereto. "Confidential" or "Confidential - Attorneys' Eyes Only" Information shall not be used by such persons for any business, governmental or other purpose, unless agreed to in writing and signed by all parties to this action or as authorized by further order of the Court. No such person who receives "Confidential" or "Confidential - Attorneys' Eyes Only" Information shall disclose it to any person not entitled under this Order to receive it. Nothing in this Order binds the Court and its personnel.

9. <u>Court Procedures</u>.

(a) Subject to and in accordance with the provisions of Central District Local Rule 79-5, and subject to applicable case law (<u>e.g.,</u> <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1178-80 (9th Cir. 2006); <u>Foltz v. State Farm Mutual Automobile Insurance Co.</u>, 331 F.3d 1122 (9th Cir. 2002)), pleadings which contain or annex Information designated under this Order as "Confidential" or "Confidential - Attorneys' Eyes Only" Information shall be filed in sealed envelopes or other appropriate containers on which shall be endorsed the title of the action to which they pertain, an indication of the nature of the contents of the sealed envelope or other container, the word(s) "CONFIDENTIAL," or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" and a statement substantially in the following form:

This envelope is sealed pursuant to Order of the Court, contains Confidential or Confidential - Attorneys' Eyes Only Information and is not to be opened nor the contents revealed except by Order of the Court.

1   (b) Any Court hearing which refers to or describes "Confidential" or "Confidential - Attorneys' Eyes Only" Information shall in the Court's discretion be held *in camera*;

(c) The filing of a document under seal pursuant to this paragraph 9 does not restrict in any way a party's right to use or disseminate any part of the document that does not contain, annex or expressly refer to Information designated "Confidential" or "Confidential - Attorneys' Eyes Only" under this Order.

10. Party's Own Information. The restrictions on the use of "Confidential" or "Confidential - Attorneys' Eyes Only" Information established by this Order are applicable only to the use by a party of Information received from the other party. A party is free to do whatever it desires with its own Information.

11. Removal. A party may seek to downgrade or remove a confidentiality designation applied under this Order. In such event, the parties shall follow the procedures set forth in Local Rule 37 for resolving disputes and seeking relief from the Court. Any such motion shall be set for the earliest possible date on the Court's law and motion calendar, and shall not be continued without the consent of all parties or order of the Court. In any such motion, the party seeking to protect the Information bears the burden to establish the appropriateness of the protection or degree of protection sought.

12. Disclosure to Author or Addressee. Nothing herein shall prohibit a party, or its counsel, from disclosing Information that has been designated as "Confidential" or "Confidential - Attorneys' Eyes Only" Information to persons who are authors or addressees of such Information.

13. Depositions. Any deposition reporter who takes down or receives "Confidential" or "Confidential - Attorneys' Eyes Only" at a deposition shall be given a copy of this Order. In addition, all deposition testimony and exhibits designated either as "Confidential" or "Confidential - Attorneys' Eyes Only" shall be bound in a separate transcript, and clearly marked on each page either "Confidential" or

PRINTED ON RECYCLED PAPER

5412544v2

- 8 -

1 "Confidential - Attorneys' Eyes Only."  If counsel, pursuant to the provisions of
2 Paragraph 3 above, designates any deposition testimony "Confidential" or
3 "Confidential - Attorneys' Eyes Only" within the fifteen (15) day period after
4 receiving the deposition transcript, counsel shall specifically identify in writing which
5 portions are to be "Confidential" or "Confidential - Attorneys' Eyes Only" and shall
6 send such writing to counsel for all parties involved in the action.  Counsel for each
7 party shall then be responsible for marking, as either "Confidential" or "Confidential
8 – Attorneys' Eyes Only", the appropriate pages of the deposition transcript so
9 identified.

10      14.   <u>Exclusion from Deposition</u>.  Whenever any Information designated as
11 "Confidential" or "Confidential - Attorneys' Eyes Only" is to be discussed or
12 disclosed in a deposition, any party claiming such confidentiality may exclude from
13 the room any person who is not entitled to receive Information designated as
14 "Confidential" or "Confidential - Attorneys' Eyes Only."

15      15.   <u>Third Party Confidentiality Rights</u>.  In the event that Information in the
16 possession or control of a party involves the confidentiality rights of a non-party or
17 that its disclosure would violate a protective order issued in another action, the party
18 with possession or control of the Information will attempt to obtain the consent of the
19 non-party to disclose the Information under this Order.  If the consent of the non-
20 party cannot be obtained, the party will notify the parting seeking discovery of: (a)
21 The existence of the Information, without producing such Information and; (b) The
22 identity of the non-party (provided, however, that such disclosure of the identity of
23 the non-party does not violate any confidentiality obligations).  The party seeking
24 discovery may then make further application to the non-party or seek other means to
25 obtain such Information including the right to seek an *in camera* review by the judge
26 or magistrate judge.

27      16.   <u>Subpoenas</u>.  In the event any person or party having possession, custody
28 or control of any "Confidential" or "Confidential - Attorneys' Eyes Only" Information

1  receives a subpoena or other process or order to produce such Information, the
2  recipient of the subpoena shall advise the attorney for the party issuing the subpoena
3  that the Information being requested has been designated "Confidential" or
4  "Confidential - Attorneys' Eyes Only" pursuant to a court order.  The attorney for the
5  party receiving the subpoena shall promptly notify in writing the attorneys of record
6  of the party claiming such confidential treatment of the Information sought by such
7  subpoena or other process or order and shall promptly furnish those attorneys of
8  record with a copy of said subpoena or other process or order.  The attorney for the
9  party claiming confidential treatment shall have 5 business days from the date of
10 receipt of a copy of said subpoena (or other process or order) to file a motion to quash
11 or modify the subpoena, process or order in the issuing court subject to the
12 procedures of such court.  If production of "Confidential" or "Confidential -
13 Attorneys' Eyes Only" Information pursuant to the subpoena, process or order is
14 required prior to the expiration of this 5 day period, the attorney for the party
15 receiving the subpoena shall object in writing to the production by stating that the
16 Information sought has been designated "Confidential" or "Confidential - Attorneys'
17 Eyes Only" pursuant to a court order.  The attorney for the party receiving the
18 subpoena shall be under no obligation to file any motion to quash or modify the
19 subpoena or take any action other than to object in writing to the production pending
20 a court order compelling production of the subpoenaed materials.  If a motion to
21 quash or modify the subpoena, process or order is made by the party claiming
22 confidential treatment, there shall be no disclosure of the subject matter objected to,
23 except sufficient to identify it for purposes of the motion to quash, until the court in
24 which the motion is brought has ruled on the motion, and then only in accordance
25 with the ruling so made.  If the party claiming confidential treatment does not file a
26 motion to quash or modify the subpoena within the 5 day period provided herein, the
27 person or party receiving the subpoena or other process or order shall be entitled to
28 comply with it provided it has fulfilled its obligations hereunder.  Nothing in this

1  Order relieves a party of any independent legal obligation such party may have to
2  comply with a subpoena or other order.

3      17.   <u>No Waiver</u>.  Neither the taking of nor the failure to take any action to
4  enforce the provisions of this Order, nor the failure to object to any designation or
5  any such action or omission, shall constitute a waiver of any right to seek and obtain
6  protection or relief, other than as specified herein, of any claim or defense in this
7  action or any other action including, but not limited to, the claim or defense that any
8  Information is or is not proprietary to any party, is or is not entitled to particular
9  protection, or that such Information embodies trade secrets or other confidential
10  material of any party.  The procedures set forth herein shall not affect the rights of the
11  parties to object to discovery on grounds other than those related to trade secrets or
12  other proprietary information claims, nor shall it relieve a party of the necessity of
13  proper response to discovery devices.

14      18.   <u>No Probative Value</u>.  The Stipulation and this Order shall not abrogate or
15  diminish any contractual, statutory or other legal obligation or right of any party to
16  the Stipulation or subject to this Order, as to any third party, with respect to any
17  "Confidential" or "Confidential - Attorneys' Eyes Only" Information.  The fact that
18  Information is designated "Confidential" or "Confidential - Attorneys' Eyes Only"
19  pursuant to the Stipulation and this Order shall not be deemed to be determinative of
20  what a trier of fact may determine to be confidential or proprietary.  This Order shall
21  be without prejudice to the right of any party to bring before the Court the question
22  of:  (i) whether any particular material is or is not confidential; (ii) whether any
23  particular information or material is or is not entitled to a greater or lesser degree of
24  protection than provided hereunder; or (iii) whether any particular information or
25  material is or is not relevant to any issue of this case, provided that in doing so the
26  party complies with the foregoing procedures.  Absent a further stipulation of all
27  parties, the parties agree that they will not seek to admit during the trial of this action
28  or to have the jury be advised of the fact that Information has been designated

PRINTED ON RECYCLED PAPER

5412544v2

1 confidential by the Stipulation or this Order.  The parties agree that in any action or
2 proceeding before any court, agency or tribunal, the parties will not seek to admit or
3 offer as evidence of, or concerning whether or not such Information is confidential or
4 proprietary, the fact that any Information is disclosed, used or produced in discovery
5 or trial herein.

6       19. <u>Return of Information</u>.  At the conclusion of this action, all
7 "Confidential" and "Confidential - Attorneys' Eyes Only" Information, and all
8 documents which contain or reflect such Information, except such documents or
9 Information which incorporate or are incorporated into pleadings or attorney work-
10 product (a single copy of which may be retained in counsel's files for archival
11 purposes) or which are in the possession, custody, or control of the Court or its
12 personnel, shall, upon the request of the party furnishing such Information, be: (i)
13 delivered to the party that furnished such Information; or (ii) in lieu of delivery to the
14 furnishing party, destroyed, in which event counsel shall give written notice of such
15 destruction to opposing counsel.  A list of all persons who signed declarations
16 pursuant to this Order, shall, upon the request of a party furnishing "Confidential" or
17 "Confidential - Attorneys' Eyes Only"  Information, be delivered to the party that
18 furnished such Information.  Except as provided in this paragraph 19, in no event
19 shall a party retain a copy of the "Confidential" or "Confidential - Attorneys' Eyes
20 Only" Information produced to it.

21       20. <u>Court's Jurisdiction</u>.  The Court retains jurisdiction to make such
22 amendments, modifications, deletions and additions to this Order as the Court may
23 from time to time deem appropriate.  The provisions of this Order regarding the use
24 and/or disclosure of "Confidential" or "Confidential - Attorneys' Eyes Only"
25 Information shall survive the termination of this action, and the Court shall retain
26 jurisdiction with respect to the enforcement of this Order.

27       21. <u>Effective Date</u>.  Upon the signing of this Order by the United States
28 District Court Judge, or Magistrate Judge, the Stipulation and this Order shall be

PRINTED ON
RECYCLED PAPER

5412544v2

1  effective as against all party signators to the Stipulation as of the date of such
2  signature of that party or party's representative, thereby rendering this Order effective
3  *nunc pro tunc* to the date of such party's signature.

4      22.    <u>Amendment</u>.  Any party hereto may move the Court to amend this Order
5  at any time.  Moreover, parties entering into this Order will not be deemed to have
6  waived any of their rights to seek later amendment to this Order.

7  IT IS SO ORDERED.

                                             /S/ JACQUELINE CHOOLJIAN
                                             UNITED STATES MAGISTRATE JUDGE

9  Dated: June 9, 2008

11

12  Submitted on June 5, 2008 by:
    JEFFER, MANGELS, BUTLER & MARMARO LLP
    ROD S. BERMAN
13  BRIAN W. KASELL

15  By: */S/BRIAN W. KASELL*
16         BRIAN W. KASELL
    Attorneys for Plaintiff and Counter-Defendant EVAN D. TOWNSLEY