JEFFER, MANGELS, BUTLER & MARMARO LLP
ROD S. BERMAN (Bar No. 105444)
rxb@jmbm.com
BRIAN W. KASELL (Bar No. 143776)
bwk@jmbm.com
AMY LERNER HILL (Bar No. 216288)
akl@jmbm.com
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California  90067-4308
Tel.:  (310) 203-8080  •  Fax:  (310) 203-0567

Attorneys for Plaintiff and Counter-defendant
EVAN D. TOWNSLEY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EVAN D. TOWNSLEY, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>MICRO HYDROPONICS, INC., a California corporation; RENTON'S INDOOR GARDEN CENTER, a Washington state proprietorship; SUPPLY NET INTERNATIONAL dba FUMELOK, an Australian corporation; KAREN MCDOUGALL, an individual; ADAM TRENTON, an individual; and DOES 1 through 10, inclusive,<br><br>  Defendants.<br><br>AND RELATED COUNTERCLAIM | CASE NO.  CV 08-00621 DDP (JCx)<br><br>**PERMANENT INJUNCTION AND CONSENT JUDGMENT AGAINST DEFENDANTS MICRO HYDROPONICS, INC. AND KAREN MCDOUGALL**<br><br>[Stipulation for Entry of Permanent Injunction and Consent Judgment filed concurrently herewith] |

Plaintiff Evan D. Townsley ("Plaintiff") and defendants Micro Hydroponics, Inc. and Karen McDougall (the "Micro Defendants"), consenting to personal jurisdiction, subject matter jurisdiction, and venue in this District Court, and pursuant to the Stipulation for Entry of Permanent Injunction and Consent Judgment ("Stipulation") that Plaintiff and the Micro Defendants have filed in this action,

hereby stipulate and consent to the entry of the following Permanent Injunction and Consent Judgment ("Permanent Injunction"):

      IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. This Court has jurisdiction over the subject matter of this action and the parties to the Stipulation.

2. Plaintiff is the owner of valid protectable trademarks for PHAT HYDRO and PHAT.

3. There is a likelihood of confusion between Plaintiff's trademarks and the Micro Defendants' use of the term "Phat Filter."

4. The Micro Defendants, and their agents, directors, officers, servants, employees, shareholders, successors and attorneys, and all those persons in active concert or participation with them who receive actual notice of this Permanent Injunction by personal service or otherwise, are hereby permanently enjoined and restrained from:

    (a) using the term "Phat Filter" in connection with any indoor gardening or hydroponics goods or services;

    (b) using any false designation of origin or any false or misleading description of fact, including use of the term "Phat Filter," that can, or is likely to, lead the consuming public or individual members thereof to believe that any goods or services produced, promoted or provided by the Micro Defendants, or either of them, are in any way associated or connected with Plaintiff, or are licensed, approved or authorized in any way by Plaintiff;

    (c) seeking, acquiring, or maintaining any federal or state trademark registration for the term "Phat Filter" or any phrase that included the term "Phat Filter";

    (d) seeking, acquiring, or maintaining any corporate or business name registration, or any domain name registration, for the term "Phat Filter" or any phrase that included the term "Phat Filter"; and

PRINTED ON RECYCLED PAPER

(e) assisting any entity, directly or indirectly, in violating the terms of this Permanent Injunction, or forming any new entities which violate the terms of this Permanent Injunction.

8. The Micro Defendants, and each of them, shall take all reasonable steps to ensure that their agents, servants, officers, directors, employees, successors and attorneys do not violate the terms of this Permanent Injunction.

9. This Court shall retain jurisdiction over the parties hereto for the purposes of any proceeding to enforce this Permanent Injunction.

10. Notwithstanding any contrary provisions of the Federal Rules of Civil Procedure, and notwithstanding the absence of any findings of fact and/or conclusions of law by this Court, any requirements for which have been expressly waived by Plaintiff and the Micro Defendants, this Permanent Injunction is a final judgment in this action and suitable for entry by the Clerk pursuant to Fed. R. Civ. Proc. 58 and 79(a). All rights to appeal this final judgment, on any basis, have been expressly waived by the Micro Defendants.

11. Except as otherwise provided in the settlement agreement between Plaintiff and the Micro Defendants, each party shall bear its own costs and attorneys' fees.

Dated: February 10, 2009

_____
Hon. Dean D. Pregerson
United States District Court Judge

Submitted on February \_\_, 2009 by:
JEFFER, MANGELS, BUTLER & MARMARO LLP

_____
Brian W. Kasell
Attorneys for Plaintiff,
EVAN D. TOWNSLEY